UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION


PHILLIP PECORARO AND BETTY PECORARO                               PLAINTIFFS

V.                                                      CIVIL ACTION NO. 1:07cv777-LTS-RHW

STATE FARM FIRE AND CASUALTY COMPANY                              DEFENDANTS
AND JOHN DOES 1 THROUGH 10

**ORDER**

An [47] Order for Mediation was entered in this cause on July 21, 2008.  Now, almost a month later and two days before the scheduled mediation on August 15, 2008,  Plaintiffs' counsel requests [50] that Plaintiffs be allowed to appear telephonically or that the mediation be postponed. While the Court is sympathetic to Plaintiffs' plight, the relief cannot be granted.

Mr. Pecoraro has been undergoing treatment for cancer and is physically unable to travel to Mississippi.  While not stated in the motion, this presumably was the case when the Order for Mediation was entered, since Plaintiffs' counsel informed the Court that treatment has been ongoing for approximately a year.  The Plaintiffs are former clients of the SKG/KLG, and were able to retain current counsel upon disqualification of the SKG/KLG.

This Court has denied other requests based on hardship, including one in which the Plaintiff lived in Bartlesville, Oklahoma, had limited financial means to travel to Mississippi for the mediation, was disabled to the point of being legally blind, did not have a driver's license, and her means of travel were limited.  *Black v. Higley*, No. 1:06cv1104 (docket entry [43]; *see also* docket entry [44]).  The Plaintiff in that case was able to attend the mediation.

The Court's mediation program is well past the point of starting the dangerous precedent of carving exceptions to it.  Plaintiffs' present counsel should be especially aware of this, and of the fact that the Court is not inclined to promote delay or leave the management of a case in counsel's hands.  For counsel to wait this long to seek relief is inexcusable.

It is critical that mediation occur in the United States Courthouse with the Plaintiffs present.  Among the reasons that the court-ordered mediations take place in the United States Courthouse are to emphasize the serious obligations undertaken by any party pursuing legal action in court, and to remind them that this is the forum in which their case will be tried.  Further, easy access is available to an appropriate United States Magistrate Judge in the event that any issue must be resolved in the course of the mediation.

The Court's successful mediation program has worked because of many factors, not the least of which is the attendance of the parties and their counsel.  Plaintiffs are not alone in suffering hardship as a result of Hurricane Katrina, and they, like all others before this Court, are

entitled to seek legal redress.

This cause of action was undertaken by Plaintiffs, which triggered the entire process associated with it, including mediation. There is no justification to change the Court's procedure with respect to mediation, except in the limited manner set out below.

Accordingly, **IT IS ORDERED**:

Plaintiffs' [50] Motion for Permission to Appear Telephonically at Court-Ordered Mediation or, alternatively, to Postpone Mediation is **GRANTED IN PART AND DENIED IN PART**. It is granted to the extent that Plaintiff Phillip Pecoraro is excused from personally attending the mediation session. The motion is denied in all other respects. Plaintiff Betty Pecoraro shall attend, and shall serve in her individual capacity as well as the agent and personal representative of Phillip Pecoraro (along with their counsel). All counsel are reminded that failure in any regard to comply with the [47] Order for Mediation and any related matters shall result in the imposition of sanctions.

**SO ORDERED** this the 13th day of August, 2008.

> s/ L. T. Senter, Jr.
> L. T. SENTER, JR.
> SENIOR JUDGE